OPINION
PER CURIAM.
Ferry Tjhie and his wife, Shinta Liem, petition for review of an order of the Board of Immigration Appeals (“BIA”) adopting and affirming the Immigration Judge’s (“U”) decision denying their applications for relief from removal. We will deny the petition for review.
Tjhie and Liem are natives and citizens of Indonesia.[1] Tjhie came to the United States in March 1998 as a visitor, and Liem came here in January 1999 as a visitor. In 2003, the Immigration and Naturalization Service issued a notice to *822 appear charging that Tjhie and Liem are subject to removal for remaining here longer than permitted. Through counsel, Tjhie and Liem conceded their removability. They applied for withholding of removal and relief under the Convention Against Torture (“CAT”). Tjhie and Liem withdrew their requests for asylum because their applications were untimely filed.
At their hearing before the IJ, Tjhie and Liem relied on their written affidavits for the facts supporting their claims for relief. Tjhie, who is Chinese, stated in his affidavit that in 1997 he was baptized and became a Christian. Tjhie had a printing business where he and Liem worked. Tjhie stated that at first he had a good relationship with his employees, and that the employees had no problem with their Christian religion. However, when riots and church bombings became more prevalent, the employees changed. The employees broke the machinery, made bad products, and teased Liem on account of her church activities. Their relationship with their employees worsened, and Tjhie decided to lay them off. The employees asked for a large sum of money as separation pay and threatened to burn down the business. Tjhie and the employees ultimately agreed upon an amount of separation pay. Tjhie stated that after the employees left, they still tried to destroy the business. In 1998, Tjhie’s friend invited him to travel to the United States with him. Tjhie stated that he wanted to tour and to see if there was a chance for business here. Tjhie feels safe here and does not want to return to Indonesia based upon his past experience. He stated that he can go to church here without fear.
Liem, who also is Chinese, stated in her affidavit that in 1989 she began attending the Christian church. She was baptized in 1993 and was an active church member. People in her neighborhood and at work began to harass her. She stated that the business also suffered and ultimately closed in December 1998. In January 1999, Liem came here to attend a church seminar in California. She then went to Philadelphia to see Tjhie. Liem does not want to return to Indonesia due to the ongoing religious conflict. She fears her life would be in danger as a practicing Christian.
Tjhie also testified at the hearing that he feared that his life was threatened in Indonesia. Liem testified that she was traumatized by the past, that she feared her belongings would be destroyed again, and that she would be followed and ridiculed when she went to church. Liem also stated on cross-examination that, after Tjhie left Indonesia, she was kicked twice while riding her motorcycle to church.
In denying withholding of removal and relief under the CAT, the IJ concluded that Tjhie and Liem did not meet their burden of proof to show that they would more likely than not be harmed if they returned to Indonesia. The IJ believed that Tjhie and Liem suffered economic problems when they lost their employees and had to run their company, and that these events led to Tjhie’s trip to the United States. The IJ noted that Tjhie came here for a business opportunity, and that his wife came here on church-related business. The IJ also noted that they waited more than four years to file their asylum applications. The IJ stated that the country reports reflect that inter-ethnic and interreligious relations involving Christians and Chinese in Indonesia have improved. The IJ recognized that Chinese individuals may be subject to discrimination, but stated that discrimination is insufficient for withholding of removal or CAT relief. The IJ also noted that there was no evidence that the government had ever harmed them, would more likely than not *823 harm them, or would act in concert with others to harm them.
The BIA adopted and affirmed the IJ’s decision, noting that Tjhie and Liem were involved in an employment dispute over pay with former employees that was unrelated to their religion or ethnicity, and that the threats Tjhie and Liem received from their former employees did not amount to persecution. This petition for review followed.
To the extent the BIA adopted the decision of the IJ, we review the IJ’s decision. Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir.2005). We review the findings of fact related to Petitioners’ withholding for removal and CAT claims under the substantial evidence standard. Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir.2003). Under this standard, we will not disturb these findings if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. Id. We must uphold the findings of fact unless the evidence not only supports a contrary conclusion, but compels it. Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir.2001).
There is substantial evidence supporting the IJ’s conclusion that Tjhie and Liem did not establish that it is more likely than not that they will be harmed if removed to Indonesia.[2] The harm Tjhie and Liem experienced to their business in Indonesia did not constitute past persecution. See Fatin v. I.N.S., 12 F.3d 1233, 1240 (3d Cir.1993) (noting persecution includes threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom). There is also no evidence showing that the Indonesian government ever harmed Tjhie or Liem or was unwilling to protect them. As noted by the IJ, with the exception of continued violence in certain areas, the country reports in the record reflect advances in interreligious tolerance in Indonesia. The country reports do not reflect persecution of Chinese individuals. Tjhie and Liem have not identified any evidence compelling contrary conclusions.[3]
Accordingly, we will deny the petition for review.

. The parties refer to Shinta as Shinta "Lim.” As recognized by the Government, the administrative record reflects' that her last name is "Liem.” A.R. at 251.

. To be granted withholding of removal, an alien must show that it is more likely than not that his life or freedom would be threatened in the country of removal because of his race, religion, nationality, membership in a particular social group, or political opinion. See Zubeda v. Ashcroft, 333 F.3d 463, 469-70 (3d Cir.2003). To be granted relief under the CAT, an alien must show that it is more likely than not that he or she would be tortured if removed. Id. at 471.

. We note that Petitioners' brief misstates the record, referring to events that neither Tjhie or Liem stated occurred in their affidavits. See Pet'rs' Br. at 8, 13.